NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 04a0021n.06
Filed: October 12, 2004
Case No. 02-3670

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

ISAAC R. ULMER, )
                                   )
     Plaintiff-Appellant, )
                                   )
                                   ) ON APPEAL FROM THE
     v. )  UNITED STATES DISTRICT
                                   )  COURT, NORTHERN DISTRICT
DANA CORPORATION; )  OF OHIO
AL ROHRBACHER, Area Production )
Supervisor for Dana Corporation, )
                                   )
     Defendants-Appellees. )
                                   )

BEFORE: BATCHELDER and GIBBONS, Circuit Judges; BEER[*], District Judge.

ALICE M. BATCHELDER, Circuit Judge. Isaac Ulmer appeals the judgment of the district court granting summary judgment to the defendants Dana Corporation ("Dana") and one of its managers, Al Rohrbacher, on Ulmer's discrimination claims brought under 42 U.S.C. § 2000e et seq. ("Title VII") and Ohio law. The complaint, filed by Ulmer and his wife, Patricia Ulmer, raised claims of racial discrimination in the form of discriminatory failure to promote, retaliation, hostile work environment and disparate treatment under Title VII and Ohio Rev. Code § 4112.02; intentional infliction of emotional distress; breach of Ohio public policy; racial harassment and discrimination tort; and loss of consortium. The district court granted summary judgment to Rohrbacher on all of the Title VII claims because Title VII does not encompass claims against

---

[*]The Honorable Peter Beer, United States District Judge for the Eastern District of Louisiana, sitting by designation.

supervisors in their individual capacities.  The court granted summary judgment to Dana and to Rohrbacher on all remaining claims except the Ohio law claims against Rohrbacher and Dana for failure to promote Ulmer during the period June 15 through November 12, 1997, and the Title VII claim against Dana for failure to promote Ulmer during that same time period.  Those failure-to-promote claims were tried to a jury, which found in favor of the defendants.  Isaac Ulmer timely appealed the summary judgment in favor of the defendants; he did not appeal the jury verdicts.

We address first Dana's arguments that Ulmer's notice of appeal failed to preserve the issues he raises on appeal and that Ulmer lacked standing to bring the appeal.  As to the former, Dana contends that because Ulmer's initial notice of appeal, which he filed pro se, did not explicitly refer to the summary judgment order from which he appeals, it did not preserve those claims.  We disagree.  The Notice of Appeal states that Ulmer appeals "from the Final Judgment and Jury Verdict."  The order granting summary judgment was made final only by the entry of final judgment in the case, and while we do not condone the generality of the Notice of Appeal, we think it is sufficient to survive under the generous reading we are required to give to pro se pleadings.

Dana's second contention is that Ulmer lacks standing because he declared bankruptcy during the pendency of the appeal, with the result that his claims against Ulmer became assets of the bankruptcy estate and only the trustee in bankruptcy has standing to pursue them.  The trustee, however, has filed a notice of abandonment of the claim, and pursuant to Rule 45(a) of the Sixth Circuit Rules, Ulmer has been substituted as the real party in interest.  We conclude that we may consider this appeal.

After carefully reviewing the record, the applicable law, and the parties' briefs, we are convinced that as to each of the claims on which the district court awarded summary judgment, the

court correctly concluded that no genuine issue of material fact remains for trial, and that the defendants are entitled to judgment as a matter of law. As the district court's opinion carefully and correctly sets out the law governing the issues raised in this appeal, and clearly articulates the reasons underlying its decision, issuance of a full written opinion by this court would serve no useful purpose. Accordingly, for the reasons stated in the district court's opinion, we AFFIRM.